UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MAGISTRATE JUDGE
O'SULLIVAN

JOEL ESPINOSA

    Plaintiff,

v.

FARM STORES CORPORATION,
a Florida corporation

    Defendant.
_____/

CASE NO.

**08-60538**

CIV-SEITZ

FILED BY _____ D.C.

APR 1 5 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## CLASS ACTION COMPLAINT

Plaintiff, JOEL ESPINOSA, individually and on behalf of others similarly situated, by and through the undersigned counsel, hereby complain against Defendant, FARM STORES CORPORATION, a Florida corporation authorized to do business and doing business in the State of Florida for violation of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") and state as follows and alleges:

### PARTIES

1. Plaintiff, JOEL ESPINOSA, resides in Broward County, Florida, is otherwise *sui juris* and is a "consumer" as defined by §1681a(c) of the FRCA. Plaintiff seeks to represent a class of consumers likewise defined by 15 U.S.C. § 1681a(c).

2. Plaintiff, on behalf of himself and all other similarly situated customers of Defendant brings this action against Defendant based on the Defendant's practice of violating 15 U.S.C. §1681c(g), a provision of the Fair and Accurate Credit Transaction

1

Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud.

3. Defendant, FARM STORES CORPORATION is a Florida corporation doing business in the Southern District of Florida. Defendant is authorized to do business in the State of Florida and conducts business both in the State of Florida and throughout the United States. Defendant owns and operates a chain of drive through grocery stores known as "Farm Stores" and is considered a "person that accepts credit cards and debit cards for the transaction of business" under FRCA, and pursuant to the definition of "person" set forth therein.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this proceeding pursuant to the 28 U.S.C. § 1331 and U.S.C. § 1681 et seq.

5. Venue is proper in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1391 (b) and (c) in that Defendant conducts business within the District and the transaction that is the basis of Plaintiff's Complaint occurred within the District. The Defendant sold and provided services to residents of this District.

## THE STATUTE

6. The FACTA, codified as 15 U.S.C. § 1681 c(g) provides:

(g) Truncation of credit card and debit card numbers.

    a. In general. Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five (5) digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

    b. Limitation. This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in

2

      which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

  c. Effective date. This subsection shall become effective –

    (A)  3 years after the date of enactment of this subsection [enacted December 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

    (B)  1 year after the date of enactment of this subsection [enacted December 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005. 15 U.S.C. § 1681 c(g).

Despite having had several years in which to bring itself into compliance with the law, and despite clear advance notice and communications regarding the need for compliance, Defendant ignored the clear mandate of the United States Congress and the protections against identity theft and credit/debit card fraud which the law addresses. Defendant's continued failure to comply with the law, recklessly subjecting its consumers to identity theft and credit/debit card fraud fully demonstrates that Defendant has willfully violated §1681c(g) with respect to the Plaintiff and other similarly situated customers. Based on these violations, Defendant is liable to Plaintiff and the proposed class of similarly situated customers as set forth by Congress in 15 U.S.C. §1681n.

  7.  Section 15 U.S.C. § 1681n (a) of the FACTA, entitled "Civil liability for willful noncompliance" provides:

    (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [USCS §§1681 <u>et seq</u>.] with respect to any consumer is liable to that consumer in an amount equal to the sum—

    (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more that $1000; or

3

(1) (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1000, whichever is greater;
(2) such amount of punitive damages as the court may allow; and
(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. 15 U.S. C. § 1681n(a).

## THE FACTS

8. Upon information and belief, the legislature enacted the FACTA to protect consumers.

9. As stated in 15 U.S. C. § 1681c(g)(3), the FACTA provided persons who accept credit cards or debit cards up to three (3) years to comply with its requirements. All persons covered under the act were to come into full compliance with the provisions therein no later than December 4, 2006.

10. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" as defined by the FACTA.

11. At all times material to this action, the Plaintiff utilized a credit card or debit card issued in his name to transact business with the Defendant. Defendant provided Plaintiff with a printed receipt which showed the entire credit card number and expiration date of his credit card account. Plaintiff engaged in a transaction with the Defendant wherein Defendant printed the entire credit card number and expiration date on April 9, 2007 at the Farm Stores location located at 7761 Johnson Street, Pembroke Pines, Florida 33024. A Copy of the receipt is attached hereto as Exhibit "A" but has been redacted to protect the privacy of the Plaintiff and further the purposes of the FRCA, which is to reduce identity theft.

12. Upon information and belief, in addition to MasterCard and Visa, the PCI Security Standards Council, a consortium founded by the major credit card companies – and other companies that sell cash registers and other machines for the processing of credit or debit card payments, and other entities informed defendant about the provisions of the FACTA, including the specific requirements prohibiting the printing of more than the last five digits of credit or debit card numbers and/or expiration dates on a credit card or debit card receipts and that defendant needed top comply with those provisions. Furthermore, the FACTA's requirements were widely publicized among retailers and the public at large.

13. Although Defendant had direct notice of the requirements of FACTA, Defendant ignored such notice, as well as the terms of FACTA itself and continued to provide and/or print prohibited information on customer receipts long after the effective date of FACTA, recklessly subjecting its customers to the very identity theft and credit/debit card fraud the law is designed to avoid.

14. The receipt provided by Defendant to Plaintiff did not truncate any part of the Plaintiff's credit card number and did not omit the expiration date. Defendant knew about FACTA's requirements but did not comply with the law. Alternatively, Defendant constructively knew about FACTA and failed to comply. Either way, this is evidence that Defendant willfully violated FACTA.

15. Defendant's violations as herein alleged were not accidental or an isolated oversight. Defendant knew that its receipt practice contravened the rights of consumers under FRCA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights. Defendant flouted Congressional mandate and put its customers at

greater risk for identity theft and credit/debit card fraud in order to avoid the expense of reprogramming and/or replacing its receipt producing/printing devices.

16.   Defendant was put on actual notice of FACTA by major credit card companies such as Mastercard and Visa and by its own merchant service provider(s). Despite being informed of FACTA by these non-parties, Defendant refused to truncate any portion of the credit card number or remove the credit/debit card expiration dates from the receipts it provided to Plaintiff and class members.

17.   Plaintiff seeks on behalf of himself and the class, statutory damages, punitive damages, costs and attorney's fees, all of which are expressly made available pursuant to 15 U.S.C. §1681 <u>et seq.</u> and a permanent injunction enjoining Defendant from continuing its unlawful practice of willfully violating FACTA's provision intended to safeguard against identify theft and credit and debit card fraud.

## CLASS ALLEGATIONS

18.   Plaintiff brings this action individually and as a Class Action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

19.   <u>Definition of Class:</u> Plaintiff seeks to represent a class of Defendant's customers, the ("Class") as follows:

> All consumers in the United States who, on or after December 4, 2006, transacted business with the Defendant utilizing a credit or debit card and who were provided by Defendant with an electronically printed receipt which included the customer's credit/debit card expiration date.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendant, and any respective parent, subsidiary and/or affiliated companies, directors and officers, and members of their immediate families.

20. There is a well defined community of interest in the litigation. The members of the proposed Class can be ascertained from Defendant's records and/or from information readily accessible to Defendant. Since Defendant was a direct seller of its products/services, that information is exclusively within the control of this Defendant. Notice can be sent to the Class members by email, website notice, through publication in newspapers and periodicals, or by other methods suitable to Class and/or deemed appropriate by the Court. Defendant has contact information for each and every member of the Class because all transactions took place directly between the members of the Class and the Defendant.

21. <u>Numerosity</u>. The members of the Class are so numerous that a joinder of each of the individual members in one action is not practical. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court.

22. Plaintiff is informed and believes that there are, at a minimum, hundreds if not thousands of members of the Class described herein.

23. <u>Adequacy of Representation</u>. Plaintiff, himself and through his attorneys will adequately, fairly and vigorously represent and protect the Class and the prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24. <u>Commonality</u>. Common questions of law and fact exist that affect all of the Class members, which predominate over questions that may affect individual members that include:

(a) Whether Defendant's conduct in providing receipts containing prohibited information on Plaintiff's and Class members' receipts violated FACTA;

(b) Whether Defendant's conduct, if violative of FACTA, was willful under applicable legal standards;

(c) Whether Plaintiff and the other members of the Class are entitled to recover statutory damages, attorney's fees and costs based on the Defendant's violations of FACTA.

(d) Whether Plaintiff and all similarly situated are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

25. <u>Typicality</u>. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff does not have any interests that conflict with the interests of the Class members. Plaintiff and the other Class members were subjected to the same unlawful and willful conduct. The claims of the Plaintiff and other Class Members are based on the same legal theories.

26. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff is committed to prosecuting this Class Action and has retained experienced counsel to assist in the adjudication of this matter.

27. <u>Superiority</u>. Plaintiff envisions no unusual difficulty in the management of this action as a Class Action. The Class Action form is superior to other available

8

methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is impracticable. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense that this is pertinent to the class action analysis, the expenses and burden of individual litigation would make it economically infeasible to procedurally impracticable for the individual Class members to individually seek redress for the wrongs done to them. On the other hand, important public interests, including the deterrence of former unlawful conduct and the prevention of identity theft, will be served by adjudicating the matter as a class action. The cost to the court systems and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are adjudicated in a class action. Individual litigation and claims would also present the potential for varying, inconsistent or contradictory judgments. The public interest in protecting the rights of consumers favors disposition of the controversy in class action form. Plaintiff is informed and believes that the individual Class members have no interest in controlling the prosecution of separate actions. Plaintiff is unaware of any other litigation concerning the controversy already commenced by or against members of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a Class Action.

28. <u>Injunctive Relief</u>. Defendant has acted on grounds generally applicable to the Class members, thereby making appropriate final injunctive relief with respect to the class as a whole.

## CLAIMS FOR RELIEF

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein

30. Defendant is a person who accepts credit/debit cards for the transaction of business. Plaintiff is a consumer and cardholder within the meaning of FACTA. Defendant provided Plaintiff with a receipt at the point of sale or the point of transaction which included the Plaintiff's entire credit/debit card number and Plaintiff's credit/debit card expiration date. Defendant printed the receipt it provided to Plaintiff.

31. During the relevant time period, as alleged above, Defendant knowingly, repeatedly and systematically provided its customers with receipts that included statutory prohibited information (i.e. the consumer's credit or debit card expiration date and full credit card number).

32. Defendant's conduct was pursuant to its policies, routine practices, procedures and customs for providing receipts, at least with respect to certain transactions, which inexcusably failed to comply with the law. Defendant knew or recklessly disregarded that it was providing receipts in violation of FACTA. As such, Defendant's violations of the FRCA, as alleged by Plaintiff on behalf of himself and Class members, were "willful" for purposes of FRCA.

33. As a result of Defendant's willful violation of §1681c(g)(1), Plaintiff and each of the Class Members are entitled to monetary relief under 15 U.S.C.

10

§1681n(a)(1)(A) of not less than $100 and not more than $1,000 for each violation by Defendant together with costs of suit and reasonable attorney's fees.

34.     Plaintiff and Class Members suffered actual harm as they were also exposed to at least an increased risk of identity theft by reason of Defendant's conduct. However, Plaintiff does not seek to quantify or recover actual damages in this case, either for himself or the Class Members. The actual loss is small and difficult to quantify which is why statutes such as the FRCA provide for modest statutory damages resulting from the violations alleged above. Class members with actual damages will be entitled to opt out of this action, should they so desire, and litigate independently.

35.     As a result of Defendant's willful violation of FACTA, Plaintiff and all others similarly situated are entitled to punitive damages.

36.     Plaintiff demands a trial by jury of all issues so triable in this case.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, requests that this grant the following relief against Defendant, FARM STORES CORPORATION:

(a)     Class certification;

(b)     That Plaintiff be designated as the Class Representatives and that Plaintiff's attorneys of record be designated as Class Counsel

(c)     "Statutory damages" pursuant to 15 U.S.C. §1681n(a) for each willful violation as alleged herein

(d)     Punitive damages under 15 U.S.C. §1681n;

(e)     Pursuant to 15 U.S.C. §1681n(a)(3); attorneys' fees, litigation expenses and costs;

(f) Interest as permitted by law;

(g) A Permanent Injunction enjoining Defendant from engaging in unlawful violations of FACTA; and

(h) Such other and further relief including but not limited to nominal damages as the Court deems equitable and just under the circumstances.

Dated: April 11, 2008                    Respectfully submitted,

**SCHWARTZ ZWEBEN LLP**
*Attorneys for Plaintiff*
3876 Sheridan Street
Hollywood, Florida 33021
Telephone: (954) 966-2483
Facsimile: (954) 966-2566

By:   s/ Stephan Nitz
      Stephan Nitz, Esquire
      Florida Bar No. 45561
      snitz@szalaw.com
      Gregory Schwartz, Esquire
      Florida Bar No. 95559
      gschwartz@szalaw.com
      Renee R. Jamal
      Florida Bar No. 0735401

```
         Farm Store #3712
         7761 Johnson Street
       Pembroke Pines, FL.33024
            954-987-1570

        04/09/2008  21:21:16
       Sale:

       Transaction #        16
       Card Type:         Visa
       Acc:
       Exp. Date:
       Entry:           Swiped
       Total:            5.00

       Reference No.:
                 810101502970
       Auth.Code:      082185
       Response:APPROVAL 082185
       Sequence Number:   0016
       Merchant Number:
                 000008505565
       Terminal ID:   71973014
       Terminal Number:   0001

         I AGREE TO PAY ABOVE
        TOTAL AMOUNT ACCORDING
        TO CARD ISSUER AGREEMENT
         (MERCHANT AGREEMENT IF
            CREDIT VOUCHER)


       X........................
            ESPINOSA  JOEL

            MERCHANT COPY
```



JS 44 (Rev. 11/04)     CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

MAGISTRATE JUDGE O'SULLIVAN

**I. (a) PLAINTIFFS**
JOEL ESPINOSA

**08-60538**

**DEFENDANTS**
FARM STORES CORPORATION., a Florida corporation,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

CIV - SEITZ

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Schwartz, Zweben, LLP, 3876 Sheridan Street, Hollywood FL 33021
(954) 966-2483

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08CV60538-Seitz-O'Sullivan

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | B☒ 450 commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (505(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | * A or B |
| ☐ 290 All Other Real Property | ☐ 445 Amer. W/Disabilities- Employment | ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. W/Disabilities- Other | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | | |

FILED BY _____ D.C.
APR 1 5 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

**V. ORIGIN** (AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Refiled ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASES:** a) Re-Filed Case ☐ Yes ☒ No    b) Related Cases ☐ Yes ☒ No
                         Judge                                     Docket Number

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1681 et seq
Brief description of cause: Fair and Accurate Transactions Act / Fair Credit Reporting Act

**VIII. REQUESTED IN COMPLAINT** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES if demanded in complaint JURY DEMAND: NO

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    /s/ Stephan Nitz    DATE April 11, 2008

FOR OFFICE USE ONLY
AMOUNT 350    RECIPT #    IFP

542783